REDMANN, Judge.
Plaintiff appeals the dismissal of her action against a building expert and the lender who obliged her to pay a 1% fee to have the construction of an addition to her home “supervised” by that expert. Plaintiff ar *1296 gues that the lender’s forcing her to pay for “supervision” by its expert obliged the lender and the expert to provide her with reasonable supervision. Reasonable supervision would have prevented the fall to ruin of her addition because it would have rejected the indefensibly inadequate concrete pilings which caused the fall to ruin.
The insuperable defect in plaintiff’s argument, whatever its merit otherwise, is that plaintiff (to whose building contract defendants were not parties) did not notify these defendants that she was about to begin construction or call upon them to provide supervision until the work was complete. She began the work in the first (or perhaps second) week of April 1972. She had only applied for the loan on March 29. The application recited “All new buildings erected and repairs made through the Association [lender] must be supervised by the Association’s expert for which a fee is charged.” No loan was made, however, until May 5, and defendant expert did not inspect the work until May 18 or 19, when it was 99% complete. Plaintiff in her commendable honesty concedes she is unable to say she asked the expert to inspect before the May 5 loan, by which time the pilings and slab had long been completed.
 Assuming that the lender and its expert did owe plaintiff competent supervision, she prevented their performing their obligation and therefore cannot hold them liable for the consequences of their failure to perform:
the party wishing to put the other in default, must be himself ready, and must offer to receive the performance at the time and place stipulated in the contract or implied from the nature of the act to be done, and he can not avail himself of any demand at any other time or place .... La.C.C. 1914.
Defendants are thus not liable for the damages resulting from their nonculpable nonperformance. On the other hand, they are equally not entitled to the full fee for full performance and should not have retained more than, say, half of the fee. Although plaintiff never asked for return of part of the fee and we therefore do not award her any costs, we act under C.C.P. 2164’s mandate to render the appropriate judgment on the record, giving her judgment for $19.25, being half of the $38.50 fee.
Plaintiff also complains of the trial court’s judgment’s failure to cast Sammy Graves, an employee of the corporate builder, and of its quantum against the builder (original contract price rather than cost to remove and replace). One problem with both of these issues is that neither Graves nor the builder was given notice of trial. For lack of notice of trial we cannot cast the absent Graves. However, the builder was apparently represented at trial, by leave of the trial judge, by Stanley Bishop, who had been dismissed as an individual defendant but who, his deposition indicates, held dominion over the corporate builder. We conclude that the corporation did have actual notice of and actually (if irregularly) participated in the trial and should be bound by the judgment.
On quantum we conclude that the trial judge acted within his authority in rejecting the $9,000 cost that one contractor estimated for the work, including 30-foot wood pilings as opposed to 12- or 15-foot concrete pilings. Plaintiff was not entitled to have her addition constructed as it best should have been but only as her contract provided it should have been, and she had the burden of proving what it would cost to remove the old work and properly execute the contract. The trial judge thus reasonably awarded the original contract amount of $3,842, as the amount unquestionably necessary to have the addition reconstructed. We amend his judgment, however, to award $1,000, estimated roughly but more likely to be correct than zero, for the cost of removing the failed construction.
Judgment amended to award $19.25 with interest from May 19, 1972 against Security Homestead Association and Russell Cuoco in solido without costs, and to increase the principal of the award against Pelican Builders, Inc. by $1,000 with all costs.